**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Joseph Driscoll, | No. CV-18-08341-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Defendant's Opposition to Plaintiff's Request for Judicial Notice and Motion to Strike Plaintiff's Reply (Doc. 52). Plaintiff did not file a Response. For the following reasons, the Court grants Defendant's Motion.

On December 23, 2019, the Court granted in part Plaintiff's request to exceed the page limit of his Reply Brief. (Doc. 46.) Plaintiff had requested an excess of 15 pages; the Court granted him an additional four. The Order stated, "Plaintiff's Reply Brief shall be no more than **15 pages double-spaced**." (Doc. 46 at 2 (emphasis in original).) Plaintiff filed his Reply in accordance with the page limit ordered. (Doc. 47.) However, one week later, Plaintiff filed a second Reply—this time 30 pages and much of it single spaced—without leave of the Court. (Doc. 49.) Plaintiff is not entitled to two Reply Briefs. He is expected to follow the Local Rules just like every other litigant in this Court. The Court has already afforded him leniency by allowing him to re-file his Opening Brief after the deadline and by permitting him to exceed the page limit allotted for a Reply Brief by the Local Rules. (*See* Docs. 38 & 46.) Accordingly, Plaintiff's second Reply is stricken.

In addition to filing a second Reply, Plaintiff filed another document titled Judicial Notice of Plaintiff's Exhibits 91 and Resubmitting Original Exhibit #89, #90, #91 and #94. (Doc. 48.) Plaintiff did not move the Court to take judicial notice of these documents or present argument as to why they are of the type a court can judicially notice. The documents appear to be (1) a May 2019 letter from the Social Security Administration apologizing for a delay in responding to an inquiry; (2) an April 2019 letter from the Administration denying a second request for Social Security disability benefits; (3) Plaintiff's September 2019 appeal of that denial; and (4) a November 2019 request Plaintiff submitted to the Administration pursuant to the Freedom of Information Act.[1]

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The third and fourth documents—Plaintiff's letters to the Administration—do not consist of facts generally known to the Court or facts whose accuracy cannot reasonably be questioned. The Court therefore declines to take judicial notice of Plaintiff's letters to the Administration.

The first and second documents—the Administration's letters to Plaintiff—may be a closer call, but Plaintiff has not supplied any cases in which a court takes judicial notice of analogous documents or facts therein, and the Court has not found any in its own research. Judicially noticed facts generally consist of matters of public record, such as prior court proceedings, *e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988); government publications from an agency's website, *e.g.*, *Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1100 (E.D. Cal. 2004), aff'd, 450 F.3d 428 (9th Cir. 2006); administrative agencies' handbooks, *e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); or city ordinances, *e.g.*, *Toney v. Burris*, 829 F.2d 622, 626–27 (7th Cir. 1987). It is

---

[1] Defendant asserts that the Court already denied Plaintiff's request for judicial notice of the first item, the May 2019 letter. The Court did not specifically do so, but instead denied Plaintiff's request for judicial notice of charts that he made summarizing his medical records and "rebutting" portions of the ALJ opinion. (*See* Doc. 46 at 2.) Buried at the bottom of those charts was the May 2019 letter, which the Court did not include in its ruling at Doc. 46.

not clear that letters from an agency to an individual are matters of public record, and they do not otherwise fit into any of the above types of documents. Further, Plaintiff does not explain which *facts* from the letters he wishes the Court to take judicial notice of.

Finally, this Court's duty is to determine if the ALJ's decision below is supported by substantial evidence and free of legal error. In reviewing his or her decision, the Court is confined to the administrative record before it. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Documents and correspondence between the parties several years after the ALJ's decision—one apologizing for a delay and one that appears to be related to a separate claim for disability—are irrelevant to whether the decision, at the time it was made, was supported by substantial evidence in the record.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Strike (Doc. 52). Plaintiff's second Reply (Doc. 49) is stricken.

**IT IS FURTHER ORDERED** denying Plaintiff's request for judicial notice of the documents filed at Doc. 48.

Dated this 9th day of March, 2020.

Honorable John J. Tuchi
United States District Judge